**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ROBERT W. JOHNSON,

                          Plaintiff,

          - v -                                                      Civ. No. 1:19-CV-1384
                                                                             (TJM/DJS)
BRIAN FISCHER, *et al*,

                          Defendants.

**APPEARANCES:**                                      **OF COUNSEL:**

ROBERT W. JOHNSON
Plaintiff, *Pro Se*
3345 Fish Avenue, Apt. 1
Bronx, New York 10469

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent for review a civil Complaint filed by Plaintiff Robert Johnson.

Dkt. No. 2, Compl.  Plaintiff has not paid the filing fee, but instead submitted a Motion to

Proceed *in forma pauperis* ("IFP").  Dkt. No. 1, IFP App.  By separate Order, this Court

granted Plaintiff's Application to Proceed IFP.  Now, in accordance with 28 U.S.C. §

1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

# I. DISCUSSION

## A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, under 28 U.S.C. § 1915A, a court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at § 1915A(a) & (b). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the

plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

## B.  Allegations Contained in Plaintiff's Complaint

The Complaint alleges violations of Plaintiff's constitutional rights and rights allegedly protected by the Patriot Act. Compl. at p. 3.  More specifically, Plaintiff alleges that he was denied review of evidence in connection with a prior federal court action he litigated - *Johnson v. Facteau*, No. 9:10-CV-372 (N.D.N.Y.).  *Id.* at p. 4.  That action was resolved in 2011 by way of a settlement. *Johnson v. Facteau*, No. 9:10-CV-372, Dkt. No. 20.  Plaintiff now claims that  material was withheld from him in that case without a valid legal basis. Compl. at p. 4.  The Complaint names over fifty defendants, but fails to make specific allegations of wrongdoing against any Defendant in particular.  *See generally* Compl

## C. Sufficiency of the Pleading

In this case, the Complaint suffers from several deficiencies that warrant dismissal.

### A. Absolute Immunity[1]

In actions brought under 42 U.S.C. § 1983 judges enjoy absolute immunity from suit for actions taken in the performance of their duties.  *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (noting that "[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction'") (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)); *Hartman v. Moore*, 547 U.S. 250, 261-62 (2006) (citing *Imbler v. Pachtman*, 424 U.S. 409,

---

[1] The Court notes that although immunity from suit is a defense that would be raised by a defendant, the Second Circuit has held that, for purposes of an initial review under 28 U.S.C. § 1915, a court may find that a complaint is based on an indisputably meritless legal theory if a defense "appears on the face of the complaint," and may validly raise such a claim *sua sponte*. *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (collecting cases throughout the various Circuit Courts of Appeal that have upheld § 1915 dismissals based upon defenses that appear on the face of the complaint). The Court notes, as set forth below, that Plaintiff will have an opportunity to present any objections he has to this Court's recommendations to the assigned District Judge.

431 (1976), for the proposition that prosecutors are absolutely immune for actions related to the prosecutorial function).

The Complaint here names numerous judges as Defendants - George Lowe, as well as, New York State Court Judges Lahtinen, Kavanagh, Stein, and Garry. *See* Compl. To the extent, the allegations in this case bear on their official duties as judges they are barred by absolute immunity. *Young v. Selsky*, 41 F.3d at 51; *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("acts arising out of, or related to, individual cases before the judge are considered judicial in nature").

## B. 11th Amendment Immunity

Dismissal is also appropriate as to a number of Defendants on sovereign immunity grounds. Under clearly established law, the Eleventh Amendment provides states immunity in federal court. *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). The immunity applies both to the State itself and state agencies. *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004); *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'"). "As a general rule, state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress." *Jackson v. Battaglia*, 63 F.Supp.3d 214, 219–20 (N.D.N.Y. 2014) (citation omitted). "It is well-established that New York has not consented to § 1983 suits in federal court and that

§ 1983 was not intended to override a state's sovereign immunity." *Mamot v. Bd. of Regents*, 367 Fed. Appx. 191, 192 (2d Cir. 2010) (internal citations omitted). No other basis for waiver or abrogation is set forth in the Complaint. Accordingly, claims against the following Defendants should be dismissed on Eleventh Amendment immunity - Clinton Correctional Facility, State of New York, Attorney General's Office, NYSDOCCS, Auburn Correctional Facility, State Counsel Division Litigation Bureau, Southport Correctional Facility, State of New York Supreme Court, and Appellate Division: Third Judicial Department.

### *C. Section 1983 Requires Claims Against "Persons"*

The Complaint also lists as Defendants Sides A and B of an audiotape. To establish a *prima facie* case under 42 U.S.C. section 1983, a plaintiff must assert that "a person" acting under color of state law deprived him of his "rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled on other grounds). It is evident that an audiotape cannot properly be sued under this statute. *See* 1 U.S.C. § 1 (defining the word "person" to include "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals").

### *D. Patriot Act*

Plaintiff makes an entirely conclusory assertion of violations under the Patriot Act. Compl. at p. 3. Courts considering the question, however, have consistently found that the statute "does not afford a private right of action." *Maitland v. Fishbein*, 2017 WL 9485648,

at *13 (E.D.N.Y. Feb. 28, 2017), *report and recommendation adopted*, 2017 WL 1025858 (E.D.N.Y. Mar. 16, 2017), *aff'd in part, vacated in part, remanded*, 712 Fed. Appx. 90 (2d Cir. 2018) (affirming dismissal of federal causes of action) (citing cases). According, any claims under the Patriot Act should be dismissed.

### E. Statute of Limitations

As to the remaining Defendants, the Court recommends dismissing Plaintiff's claims as untimely. The statute of limitations for a section 1983 action in New York is three years. *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995). The only specific claim made here is that Plaintiff was "denied review of evidence for Northern District of New York case docket 9:10-CV-0372." Compl. at p. 4. As noted above, that case was closed in February 2011. *Johnson v. Facteau*, No. 9:10-CV-372, Dkt. No. 20. Any denial of evidence in that case, therefore, must have taken place prior to that date which would have been over eight years prior to Plaintiff filing this action. No explanation is offered as to why it has taken Plaintiff so long to file this action. These claims are clearly time barred and the remainder of the Complaint should be dismissed as untimely. *Walker v. Cuomo*, 2012 WL 4490760, at * 2-3 (E.D.N.Y. Sept. 27, 2012).

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tomkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*,

927 F.2d 698, 704–05 (2d Cir.1991)).  Here, however, where the grounds for dismissal offer

no basis for curing the defects in the pleading, leave to amend would be futile.  *Kunz v.*

*Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015).

## II.  CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 2) be **DISMISSED**; and it

is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation

and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[2] within which

to file written objections to the foregoing report.  Such objections shall be filed with the

Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN**

**(14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d

85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir.

1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  February 14, 2020
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).